I believe this is an instance in which the jury lost its way and convicted appellant on evidence which was simply insufficient to support a finding of guilt beyond a reasonable doubt.
First, the complainant is a thirteen year old girl who appears bright. She is late in reporting this incident, which may be understandable, but also precludes the collection of physical evidence. When she does report the incident within a few days, she cannot recall the time of day in which her assault occurred with any greater accuracy than between 12 noon and 6:00 p.m. on Saturday. This vagueness should act as a red flag to anyone attempting to assess the witness's credibility.
Moreover, appellant has an "iron-clad" alibi for the time period between 3:30 p.m. and 6:00 p.m. He was on the job in the company of neutral witnesses or driving to and from a job in Tiffin, Ohio, miles from Toledo. Appellant has a "good" alibi for the period between 12:30 p.m. and 3:30 p.m. While the witness who establishes this is impeachable, the testimony of that witness is supported by the simple fact that it took appellant some time during this period to install another spa in the Toledo area and to prepare for his later spa installation in Tiffin. This leaves one-half hour unaccounted for, at the earliest time the complainant reports the assault on her occurred. This is a window of opportunity too narrow to reconcile with the victim's own testimony.
Even the trial judge was taken aback by the jury's decision. He noted his surprise on the record during sentencing. According to the judge, " *** my personal reaction to the trial was I was somewhat surprised at your conviction. I don't know what I would have done had I been the trier of fact. *** " Indeed, the court specifically declined to find appellant's lack of remorse at sentencing consideration, " *** because I think the result in this case was — might have been different with a different jury." These words and actions from an experienced judge speak volumes.
Acting as the "thirteenth juror," see State v. Thompkins, supra, I would find that appellant's conviction is against the manifest weight of the evidence.